UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

TYSON NELSON,

                  Plaintiff,

         -against-

CITY OF NEW YORK, Police Officer JASON
MILLER, Shield No. 2120, Police Officer UC
254, Police Officer RUDY LAHENS, Shield No.
02065, Police Officer ALLISON, Shield No.
07294 (Tax No. 914663), JOHN/JANE DOE
POLICE OFFICERS 1-10,

                 Defendants.

------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

      This is an action to recover money damages arising out of the violation of Plaintiff Tyson Nelson's ("Mr. Nelson") rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

    1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    2.    The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

    3.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) as the claim arose in the District.

## JURY DEMAND

    4.    Mr. Nelson respectfully demands a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

    5.    Ms. Nelson lives in Kings County and was in New York County when the incident giving rise to this case occurred.

6.      Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8.      That at all times hereinafter mentioned, Defendants Police Officer Jason Miller, Shield No. 2120, Police Officer U/C #254, Police Officer Rudy Lahens, Shield No. 02065, Police Officer Allison, Shield No. 07294, and John/Jane Doe Police Officers 1-10 ("Doe Officer Defendants") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9.      That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10.     Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

11.     Mr. Nelson lives in Brooklyn.

12.     On December 10, 2013 at approximately 6:00 p.m., Mr. Nelson and a man named Moody Lewis were both near the address 314 East 3d Street at the same time.

13.     U/C #254 purchased crack from the man Mr. Lewis.

2

14.     U/C #254 falsely claimed that Mr. Nelson was standing 15 feet from Mr. Lewis when the crack sale occurred and that Mr. Nelson "look[ed]" about the street in the manner of a lookout.

15.     This was not true.

16.     The police searched Mr. Nelson and found that he was not carrying narcotics and only had $9.00 in his pocket.

17.     Defendants arrested Mr. Nelson.

18.     At the precinct, Defendants strip searched Mr. Nelson and still did not find narcotics.

19.     Defendant Lahens falsely claimed that he observed Mr. Nelson eat a bag of narcotics in an effort to destroy evidence.

20.     This was not true.

21.     The police did not x-ray Mr. Nelson to determine whether he had a foreign body in his system to corroborate Defendant Lahens's claim.

22.     When police arrested Mr. Nelson, who did not resist, Defendants used disproportionate force upon him, causing him to suffer, among other things, a split lip and serious abrasions.

23.     One of the Individual Defendants punched Mr. Nelson with a closed fist at the precinct.

24.     Defendants' excessive force upon Mr.Nelson required him to receive treatment at Bellevue Hospital.

25.     Defendants repeated the evidence they had fabricated to employees of the New York County District Attorney's Office.

3

26.     As a result of the fabricated evidence, Mr. Nelson was charged with possessing and selling narcotics and tampering with evidence.

27.     Later, Defendants provided the fabricated evidence to a grand jury and Defendants failed to intervene to thwart the false testimony.

28.     The grand jury indicted Mr. Nelson on the basis of the fabricated evidence.

29.     As a result of the false arrest and related violations of his civil rights, Mr. Nelson suffered a parole violation resulting in roughly four months of incarceration before he could post bail.

30.     Once released, Mr. Nelson had to make many court appearances as Defendants allowed the criminal proceeding to continue.

31.     On February 3, 2015, the prosecution terminated in Mr. Nelson's favor when the state court dismissed the criminal charges against Mr. Nelson in their entirety.

32.     Defendants unconstitutionally deprived Mr. Nelson of his liberty, caused him physical injury, damaged his reputation, caused him to lose his job and wages, caused him emotional distress and fear that manifested in physical ailments and more.  Mr. Nelson continues to suffer these damages.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting those individuals.

4

34.     The aforesaid incident is not an isolated incident.  The existence of the aforesaid

unconstitutional customs and policies may be inferred from repeated occurrences of similar

wrongful conduct as documented in civil rights actions filed in the United States District Courts

in the Eastern and Southern Districts of New York as well as in New York State courts.  As a

result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and

complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD

officers, including the Individual Defendants, arrest individual persons in order to meet

productivity goals and arrest quotas; arrest individuals for professional advancement, overtime

compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals

and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

35.     The Honorable Jack B. Weinstein, United States District Judge for the Eastern

District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt,
> as well as knowledge of cases in other federal and state courts, has
> revealed anecdotal evidence of repeated, widespread falsification by
> arresting police officers of the [NYPD] . . . [T]here is some evidence
> of an attitude among officers that is sufficiently widespread to
> constitute a custom or policy by the [C]ity approving illegal conduct
> of the kind now charged.

Colon v. City of N.Y., No. 09 Civ. 8, No. 09 Civ. 9 (JBW), 2009 WL 4263363, at *2 (E.D.N.Y.

Nov. 25, 2009).

36.     Former Deputy Commissioner Paul J. Browne, as reported in the press on January

20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an

inference of such a custom or policy encouraging deprivations of individuals' constitutional

rights in cases such as this one.

37.     Defendant City of New York is thus aware that its improper training and customs

and policies have often resulted in a deprivation of individuals' constitutional rights.  Despite

such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Mr. Nelson's constitutional rights.

38. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

39. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

40. All of the aforementioned acts deprived Mr. Nelson of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

44.     As a result of the foregoing, Mr. Nelson is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
### 42 U.S.C. § 1983

45.     Mr. Nelson repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

46.     Defendants, by their conduct toward Mr. Nelson alleged herein, violated Mr. Nelson's rights guaranteed by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

47.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Mr. Nelson of his constitutional rights.

48.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Nelson sustained the damages hereinbefore alleged.

## SECOND AND THIRD CLAIMS
### FALSE ARREST AND MALICIOUS PROSECUTION

49.     Mr. Nelson repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

50.     Defendants violated the Fourth, Fifth and Fourteenth Amendments because they arrested and searched Mr. Nelson without probable cause.

51.     Defendants then caused the commencement of a criminal proceeding against Mr. Nelson and continued that proceeding despite the lack of probable cause.

52.     That prosecution ultimately terminated in Mr. Nelson's favor when the state court dismissed all charges against him.

53.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Nelson of his constitutional rights.

54.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Nelson sustained the damages hereinbefore alleged.

## FOURTH AND FIFTH CLAIMS
## FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL

55.     Mr. Nelson repeats and re-alleges each of the preceding allegations in this Complaint with the same force and effect as if fully set forth herein.

56.     Defendants, by their conduct toward Mr. Nelson herein alleged, fabricated evidence against Mr. Nelson knowing that the evidence in question would likely influence a grand jury and trial jury.  This evidence fabrication corrupted Mr. Nelson's fair trial rights as guaranteed by 42 U.S.C. § 1983, the Sixth and the Fourteeth Amendments to the Constitution of the United States.

57.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Nelson of his constitutional rights.

## SIXTH CLAIM
## EXCESSIVE FORCE

58.     Mr. Nelson repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

59.     The level of force employed by Defendants was excessive, objectively unreasonable and otherwise in violation of Mr. Nelson's Fourth Amendment and Fourteenth Amendment rights.

60.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Nelson was subjected to excessive force and sustained the injuries hereinbefore alleged.

## SEVENTH CLAIM
## FAILURE TO INTERVENE

61.     Mr. Nelson repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

62.     The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63.     Accordingly, the Individual Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

64.     Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr, Nelson of his constitutional rights.

65.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Nelson sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
## MONELL

66.     Mr. Nelson repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate

9

screening, hiring, retaining, training and supervising of its employees that was the moving force

behind the violation of Mr. Nelson's rights as described herein.  As a result of the failure of the

Defendant City of New York to properly recruit, screen, train, discipline and supervise its

officers, including the Individual Defendants, Defendant City of New York has tacitly

authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of

herein.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of

Defendant City of New York and the NYPD included, but were not limited to: arresting innocent

persons in order to meet "productivity goals," or arrest quotas; arresting individuals for

professional advancement, overtime compensation, and/or other objectives outside the ends of

justice; and/or manufacturing false evidence against individuals in an individual effort and also

in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and

maliciously prosecuting those individuals.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the

Defendant City of New York and the NYPD constituted deliberate indifference to Mr. Nelson's

safety, well-being and constitutional rights.

71.     The foregoing customs, polices, usages, practices, procedures and rules of

Defendant City of New York and the NYPD were the direct and proximate cause of the

constitutional violations suffered by Mr. Nelson as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Nelson respectfully requests the following relief:

A. An order entering judgment for Mr. Nelson against Defendants on each of their

claims for relief;

B. Awards to Mr. Nelson for compensatory damages against all Defendants, jointly

and severally, for their violation of Mr. Nelson's Fourth, Fifth, Sixth and Fourteenth Amendment

10

rights, the amount to be determined at jury trial, which Mr. Nelson respectfully demands pursuant to FRCP 38;

        C. Awards to Mr. Nelson of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Mr. Nelson's constitutional rights and welfare, the amount to be determined at jury trial, which Mr. Nelson respectfully demands pursuant to FRCP 38;

        D. Awards to Mr. Nelson of the costs of this action, including reasonable attorneys' fees;

        E. Such further relief as this Court deems just and proper.

DATED:      January 12, 2016
              New York, New York


                        /s
                      Ryan Lozar  (RL0229)
                      305 Broadway, 9th Floor
                      New York, New York 10007
                      (310) 867-1562

                      *Attorney for Plaintiff*