

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Maria Fernanda DeCastro**
Assistant Corporation Counsel
phone: (212) 356-2658
fax: (212) 356-3559
mdecastr@law.nyc.gov

August 19, 2016

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Tyson Nelson v. City of New York, et al., 16-CV-234 (AJN)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, retired Detective Richard Allison, Detective Rudy Lahens, and Detective Jason Miller in the above-referenced matter. Pursuant to Your Honor's Order dated June 6, 2016, the parties submit this letter.

  1. Brief statement of the nature of the action and the principal defenses thereto:

    A. Nature of the Action

  **Plaintiff's statement:**

   On December 10, 2013, Plaintiff, who was thirty years old at the time, alleges that he was in the East Village when he encountered an acquaintance, who was a sixty-year-old man. After talking to the acquaintance briefly, Plaintiff continued on his way. As Plaintiff approached the end of the street, Defendant Officers converged upon him, arrested him and used force upon him in the process. Plaintiff later learned that Defendants Officers falsely told prosecutors that, based upon what they had seen, it was reasonable to believe that Plaintiff worked as the acquaintance's lookout in a narcotics operation

   Defendants searched Plaintiff on the scene and found him to have nine dollars and no contraband. Defendants took Plaintiff to a station house, where they strip searched him

without cause.  When Defendants again found no contraband on Plaintiff, one of the Defendants fabricated a story that Plaintiff ate narcotics in front of him at the precinct during the strip search. Defendants transported Plaintiff to Bellevue Hospital where an examining physician concluded that Plaintiff was asymptomatic for ingestion of narcotics.

Plaintiff was charged with narcotics possession and sale based upon the false statements that he worked as a lookout, and he was charged with tampering with evidence based upon the fabricated statement that he ingested crack during the precinct strip search.  Plaintiff was later indicted on these charges.

Plaintiff's damages in this case include, <u>inter</u> <u>alia</u>, physical injury relating to the force used upon him during his false arrest and unlawful deprivation of his liberty.

B.      <u>Principal Defenses</u>

i.      The complaint fails to state a claim upon which relief can be granted.

ii.      Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or that of third parties, and was not the proximate result of any acts of defendants.

iii.      There was probable cause and/or exigent circumstances for the search of plaintiff.

iv.      There was probable cause for plaintiff's arrest, detention and prosecution.

v.      There was reasonable suspicion for plaintiff's stop, question, and frisk.

vi.      Defendants Allison, Lahens, and Miller have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

vii.      Defendant Allison, Lahens, and Miller have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, they are protected by qualified immunity.

viii.      Plaintiff's action may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

ix.      Plaintiff's claims may be barred by the applicable statute of limitations.

x.      Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

xi.      Plaintiff failed to mitigate his damages, if any.

xii.      Punitive damages cannot be assessed against defendant City of New York.

2. <u>A brief explanation of why jurisdiction and venue lie in this Court:</u>

   Defendants do not contest jurisdiction and venue. To the extent plaintiff has pled violations of his Constitutional rights, this Court has original jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1343, as the claims are asserted under 42 USC 1983.

3. <u>A brief description of all outstanding motions and/or all outstanding requests to file motions:</u>

   There are no outstanding motions at this time

4. <u>A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations:</u>

   The parties have exchanged the discovery mandated by the Southern District's Plan for Certain §1983 Cases against the City of New York (the "§1983 Plan").  Additionally, the parties require time to complete depositions, as well as time to conduct fuller paper discovery.  Defendants anticipate two depositions; plaintiff and his criminal co-defendant. Plaintiff anticipates taking the depositions of approximately 5 police officers.

   The Parties will formulate additional document requests, interrogatories and requests to admit based upon the Plan discovery received, and will serve the same in accordance with the proposed schedule.

5. <u>A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any:</u>

   As mandated by the §1983 Plan, the parties engaged in mediation on July 7, 2016. The parties of record and the plaintiff were present. A settlement was not reached.  The parties are hopeful that they might still have successful settlement discussions after the additional production of paper discovery.  If this is not possible, the parties will revisit the subject of possible settlement as depositions proceed.

6. <u>The estimated length of trial:</u>

   The parties believe that a trial in this matter shall last approximately three to four days.

7. <u>Any other information that the parties believe may assist the Court in resolving the action:</u>

   The parties do not believe that they are in possession of any such information at this time.

- 4 -

Thank you for your consideration in this regard.

Respectfully submitted,


/s/
Maria Fernanda DeCastro
*Assistant Corporation Counsel*


cc: <u>BY ECF</u>
   Ryan Lozar
   *Attorney for Plaintiff*