

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Maria Fernanda DeCastro**
*Assistant Corporation Counsel*
mdecastr@law.nyc.gov
(212) 356-2658
Fax: (212) 356-3559

November 28, 2016

**BY ECF**
Honorable Debra C. Freeman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Tyson Nelson v. City of New York, et al.</u>, 16-CV-234 (AJN) (DCF)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, retired Detective Richard Allison, Detective Rudy Lahens, Detective Jason Miller, UC # C0113, and UC # C0254 in the above-referenced matter. Defendants write in response to plaintiff's Motion to Compel dated November 18, 2016.

        By way of background, plaintiff alleges, *inter alia*, that on December 10, 2013, he was falsely arrested and subjected to excessive force. In his motion, plaintiff moves to compel certain items of discovery.

## 1. Kel Records, Transcripts, and Recordings.

        Defendants do not object, at this time, to producing either the Kel recordings or confirming that they do not exist. Defendants are investigating whether the defendants' conversations about the incident were recorded by the Kel equipment. Thus, defendants will produce information regarding Kel Recordings as soon as it is available.

## 2. Roll Calls, Roll Call Adjustments, Vehicle Assignment Sheets.

        Defendants object to plaintiff's request for the precinct roll calls, roll call adjustments, and vehicle assignment sheets. Plaintiff has absolutely no need for those records as defendants have already produced the tactical plan for this incident. The tactical plan reveals

every individual that was involved in the incident at issue in this matter. Moreover, the tactical plan also includes the vehicle assignments for all of the individuals involved in this incident. Accordingly, plaintiff's request should be denied, as these documents are not relevant nor proportional to the needs of this case.

**3.  Records Showing the Movement of Vouchered Items and Cell Phone Forensics.**

Defendants object to plaintiff's request for records showing the movement of vouchered items and "cell phone forensics." Those records are not relevant to the claims here – that is, whether plaintiff was falsely arrested and/or subjected to excessive force. Plaintiff's personal property was returned to him and plaintiff can obtain his own cellphone records from his telephone service provider. Accordingly, plaintiff's request should be denied.

**4.  Disciplinary Records, Performance Evaluations, Information Re: Number And Disposition Of State Civil Rights Lawsuits And Force Monitoring Records.**

    a.  Disciplinary Records

Defendants object to production of the full disciplinary records. Defendants have already agreed to produce closing reports for any substantiated disciplinary case for the named defendants. Plaintiff's request for any other underlying disciplinary file should be denied, as the discovery sought is not relevant nor proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Additionally, plaintiff has failed to articulate a good faith basis for the sought after discovery. The prospect that plaintiff might develop admissible evidence for mini-trials about unrelated allegations, which would be admissible to some issue in dispute, is remote. Accordingly, plaintiff's request should be denied.

    b.  Performance Evaluations

Defendants will produce performance evaluations for the named defendants.

    c.  Information regarding Number And Disposition Of State Civil Rights Lawsuits

With respect to plaintiff's request information regarding number and disposition of State Civil Rights lawsuits, defendants maintain that plaintiff's request for that information is beyond the scope of Local Civil Rule 33.3. Additionally, that information is equally available to plaintiff as it is publicly available. In fact, defendants have directed plaintiff to WebCivil Local, a website that would allow plaintiff to look up any State Civil Rights lawsuits that defendants may have been involved in. Accordingly, plaintiff's request should be denied.

    d.  Force Monitoring Records

With respect to plaintiff's request for defendants' force monitoring records, defendants have already agreed to produce to plaintiff information related to the individual defendants' force monitoring history.

5. **Use Of Force, PRBM And Strip Search Protocols And Records.**

  a. <u>Use Of Force, PRBM And Strip Search Records</u>

    With respect to plaintiff's request for use of force and pre-recorded buy money records, defendants have already produced records concerning the use of force and the pre-recorded buy money. With respect to plaintiff's request for strip search records, defendants are investigating whether any additional records exist and will produce such records, if any, as soon as they are available.

  b. <u>Use Of Force, PRBM And Strip Search Protocols</u>

    With respect to plaintiff's request for use of force, pre-recorded buy money, and strip search protocols, defendants object to production of these documents as the documents sought are not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.

    In the alternative, should the Court require that any part of the discovery sought be had, defendants respectfully request that the Court bifurcate discovery with respect to plaintiff's municipal liability claims against the City of New York and stay any discovery related to such claims unless, and until, a date after which liability has been established against the individual defendants.

6. <u>Moody Lewis Records</u>

    With respect to plaintiff's request for Moody Lewis's records, defendants have already produced the district attorney file related to both plaintiff and Mr. Lewis's prosecution. That file includes records of Mr. Lewis's arrest and prosecution. Accordingly, plaintiff's request should be denied as moot.

    Thank you for your consideration herein.

          Respectfully Submitted,


           /s/
          Maria Fernanda DeCastro
          Assistant Corporation Counsel

cc: <u>BY ECF</u>
   Ryan Lozar, Esq.
   *Attorney for Plaintiff*
   305 Broadway, 10th Floor

New York, NY  10007