The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



FEBRUARY 27, 2017

Re:    Nelson v. City of N.Y., et al., No. 16 Civ. 234 (SDNY)

Dear Judge Freeman:

  I represent Plaintiff in the above-captioned Section 1983 action.  On Monday, I filed a motion to enforce a FRCP 45 subpoena against non-party New York County DA's Office ("DANY"). I write to ask that the Court terminate the motion with leave to refile if necessary.  Docket No. 62.  The matter may have been resolved.

  However Plainitff's motion at Docket No. 61 presents an as-yet unresolved dispute between the Parties.  Docket No. 61.  As Defendants have not opposed, I ask that the Court grant the motion as unopposed.  Alternatively, I request that the Court schedule a conference so that argument may be heard.

  On the subject of the motion to enforce the FRCP 45 subpoena against the DANY, I will briefly explain.  There has been much confusion in this case as to whether or not the Moody Lewis records are sealed.  Initially, certain Moody Lewis information was redacted from document production, suggesting that the records were sealed pursuant to Section 160.50.

  Next, in a comedic twist, the first ADA I dealt with on the matter told me that the records were sealed, but when the matter had to be passed to one of her colleagues for handling after I filed the motion, the second ADA told me that Mr. Lewis's records were not sealed at all.[1]  Thus, the second ADA and I are now collaborating to identify responsive records and at the moment nothing in the motion at Docket No. 62 seems like it will be any problem.

  I thank the Court for its attention.

                Sincerely,

                Ryan Lozar

---

[1] It seems that because Plaintiff Tyson Nelson's records are sealed, the first ADA misinterpreted the Lewis records as sealed either by association or simple accident.  This was a function of the men being indicted together at grand jury under the same number, and/or my erroneous citation of Mr. Nelson's initial docket number in a correspondence with the ADA when I should have cited Mr. Lewis's.  None of this is particularly important now, but by way of explanation I thought I would include it.