

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Maria Fernanda DeCastro
*Assistant Corporation Counsel*
mdecastr@law.nyc.gov
(212) 356-2658
Fax: (212) 356-3559

March 3, 2017

**BY ECF**
Honorable Debra C. Freeman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Tyson Nelson v. City of New York, et al., 16-CV-234 (AJN) (DCF)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, retired Detective Richard Allison, Detective Rudy Lahens, Detective Jason Miller, UC # C0113, and UC # C0254 in the above-referenced matter. Defendants write in response to plaintiff's Motion to Compel dated February 18, 2017.

By way of background, plaintiff alleges, *inter alia*, that on December 10, 2013, he was falsely arrested and subjected to excessive force. In his motion, plaintiff moves to compel certain items of discovery.

**1. Disciplinary Files**

Defendants do not object to producing the disciplinary files electronically. However, defendants object to plaintiff's request for un-redacted disciplinary files. Defendants intend to redact the names of the complainants in the CCRB and IAB files on the grounds that the complainants' criminal cases may have been sealed under N.Y. Criminal Procedure Law § 160.50. C.P.L. § 160.50 provides very important restrictions on the disclosure of documents and information specifically to protect the identities of individuals who are not parties to lawsuits and who may not wish for their identities or the facts and circumstances of their arrests to be revealed. Ferreria v. Palladium Realty Partners, et al., 611 N.Y.S.2d 458 (Sup. Ct. N.Y. County 1994).

The primary purpose of the sealing of records under § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with an

arrest and/or criminal prosecution.  Harper v. Angiolillo, 89 N.Y.2d 761, 658 N.Y.S.2d 229 (1997).  A court must balance the need for the requested discovery against the privacy interests of the individual(s) protected by this statute.  Id.; Fountain v. City of N.Y., 2004 U.S. Dist. LEXIS 12278, at **7-8 (S.D.N.Y. June 30, 2004) (plaintiffs have not yet established that "their need for the information outweighs 'the administrative burden on the City, and (more importantly) [the] burden on the privacy interest of the … non-parties.'") (quoting Bryant v. City of New York, 2000 U.S. Dist. LEXIS 18548, at *4 (S.D.N.Y. Dec. 27, 2000)).  Additionally, the privilege created by N.Y. Crim. Proc. Law. § 160.50 must only yield "'when outweighed by a federal interest in presenting relevant information to a trier of fact.'"  Bryant, 2000 U.S. Dist. LEXIS 18548, at **3-8 (quoting United States v. One Parcel of Prop. Located at 31-33 York St., 930 F.2d 139, 141 (2d Cir. 1991)).

Here, plaintiff has not demonstrated any need for the sought after information.  The production of redacted versions of CCRB and IAB files appropriately balances plaintiff's purported need – for information concerning similar disciplinary allegations made against the defendant officers – against the privacy interests of non-parties to this action. Accordingly, plaintiff's motion to compel production of un-redacted CCRB and IAB files should be denied.

**2. Training Records.**

Defendants state that contrary to plaintiff's assertions, defendants have already produced NYPD training materials on strip searches and excessive force.  Additionally, defendants, in compliance with the Court's Order dated December 29, 2016, inquired into whether the precinct that the officers were assigned to at the time of the incident had any training materials that addressed strip searches and excessive force.  Defendants informed plaintiff that no such documents existed.  With respect to the particular trainings received by defendants Feliciano and Lahens, defendants have already agreed to produce that information as soon as it becomes available.  Accordingly, plaintiff's request should be denied as moot.

**3. Undercover Officer Deposition.**

Defendants object to plaintiff's request to depose UC #C0254 without a screen in place for his/her protection and/or the officer appearing in disguise. As such, defendants request that the Court endorse the attached proposed protective order permitting UC #C0254 to testify at his/her deposition from behind a screen and/or in guise.[1] Defendants respectfully submit that such protections are justified by the law enforcement privilege, and that having UC #C0254 appear to testify without these protections would place an undue burden on the undercover officer and the NYPD by seriously jeopardizing the officer's safety and the integrity of ongoing and future police investigations. For these reasons, maintaining the confidentiality of the undercover officer's identity, including his/her likeness, is vital.

The law enforcement privilege is intended to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect

---

[1] The proposed order also includes other provisions for the undercover officer's protection that, based on a reading of plaintiff's February 18, 2017 letter, he does not oppose.  Such provisions, include, but are not limited to, limiting the recording of the deposition to stenographic means and plaintiff's absence from the deposition.

witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." In re Dept. of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988) (citation omitted). When assessing a claim of law enforcement privilege, a court must first determine if the privilege applies, and the party asserting the privilege must show that the subject of its application to the court is protected by the privilege. In re City of New York, 607 F.3d 923, 944, 948 (2d Cir. 2010) (internal citation omitted).

A party has met its burden to show that the law enforcement privilege applies where the confidential information sought could disclose the identity of an undercover officer. See In re City of New York, 607 F.3d at 944 (finding that the disclosure of documents "containing some information that could disclose the identity of an NYPD undercover officer" would undermine the safety of law enforcement personnel and "the ability of a law enforcement agency to conduct future investigations.") (emphasis added). This privilege applies when even "any individual 'thread' of an undercover operation may unravel the entire 'fabric' that could lead to identifying an undercover officer." Id. An investigation "need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public." Id.

Here, where plaintiff's counsel is requesting that the undercover officer appear for his/her deposition without the protection of a screen, the confidential information that will be exposed to all those attending the deposition (including plaintiff's counsel and the court reporter) is the undercover officer's identity and likeness. Such exposure could place the officer's life in jeopardy when out in the field, as well as compromise ongoing and future investigations. UC #C0254 is an active undercover detective assigned to the NYPD's Detective Bureau. Keeping his/her identity and likeness confidential is of paramount importance to the officer's safety. If the officer's identity is revealed, the officer's life could be in danger and his/her undercover operations could be compromised. Therefore, defendants contend the law enforcement privilege applies to UC #C0254 and his/her identity and likeness. See In re City of New York, 607 F.3d at 944 (Noting that reports contain some information that could disclose the identity of an NYPD undercover officer and stating "pulling any individual thread of an undercover operation may unravel the entire fabric that could lead to identifying an undercover officer. This could present a risk to the safety and effectiveness of that officer and would likely provide additional information about how the NYPD infiltrates organizations, thereby impeding future investigations").

To overcome the strong presumption against disclosure, a party seeking disclosure of information protected by the law enforcement privilege must show (1) his suit is non-frivolous and brought in good faith; (2) that the information sought is not available through other discovery or from other sources; and (3) that the information sought is important to the party's case. In re City of New York, 607 F.3d at 945. "Demonstrating a compelling need does not automatically entitle a litigant to privileged information. Rather disclosure is required only if that compelling need outweighs the public interest in nondisclosure." Id. Plaintiff's contention that he should have unfettered access to the identity of an uncover officer because he wants to "gauge their credibility through their expressions and general demeanor" is insufficient to overcome the presumption against disclosure. Plaintiff's purported reasoning for compromising

the identity of the undercover officer is not important to his case since regardless of anything the officer says, or his/her expressions or mannerisms, during the deposition, plaintiff's position must be that the officer is incredible. Otherwise, there is no basis for this litigation.

        Based on the foregoing, and since plaintiff will not agree to allow UC #C0254 to protect his/her identity and safety by testifying behind a screen – the key parameter that is designed to protect UC #C0254's identity and safety – defendants respectfully request that the Court endorse the attached proposed Protective Order permitting UC #C0254 to testify behind a screen and/or in disguise.

        Thank you for your consideration herein.

        Respectfully Submitted,

        /s/
        Maria Fernanda DeCastro
        Assistant Corporation Counsel

cc:    BY ECF
       Ryan Lozar, Esq.
       *Attorney for Plaintiff*
       305 Broadway, 10th Floor
       New York, NY  10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYSON NELSON,<br><br>           PLAINTIFF,<br><br>-AGAINST-<br><br>CITY OF NEW YORK, POLICE OFFICER JASON MILLER, SHIELD NO. 2120, POLICE OFFICER UC C0254, POLICE OFFICER UC C0113, POLICE OFFICER RUDY LAHENS, SHIELD NO. 02065, POLICE OFFICER RICHARD ALLISON, SHIELD NO. 07294 (TAX NO. 914663), POLICE DETECTIVE EDWIN FELICIANO, SHIELD NO. 02247, POLICE DETECTIVE BARRETT, POLICE LIEUTENANT JASON HARRIS, AND JOHN/JANE DOE POLICE OFFICERS 1-5, INDIVIDUALLY,<br><br>           DEFENDANTS. | **STIPULATION AND PROTECTIVE ORDER REGARDING DEPOSITIONS OF UNDERCOVER OFFICERS**<br><br>16-CV-234 (AJN) (DCF) |

  **WHEREAS,** Plaintiff Tyson Nelson seeks to take the deposition of an active undercover officer; and

  **WHEREAS,** Defendant City of New York objects to the production of an active undercover officer at a deposition without certain protection of their identities;

  **NOW, THEREFORE, IT IS HEREBY ORDERED as follows**:

  1.  Undercover officer "UC #C0254" will appear for deposition at the Office of Corporation Counsel, 100 Church Street, New York, New York, on a date or dates mutually agreed upon by the parties.

2. Plaintiff will not to be personally present at the deposition of undercover officer "UC #C0254", nor at or in the vicinity of 100 Church Street, New York, New York, on the date of the deposition.

3. Undercover officer "UC #C0254" will appear at the deposition in a disguise to be determined by defense counsel and/or will testify behind a screen. In the event that undercover officer "UC #C0254" testifies behind a screen, plaintiff's counsel and the court reporter will comply with reasonable requests, such as to step out of the room or into another room, to allow the undercover officer to enter and exit the room out of view.

4. Neither plaintiff's counsel nor the court reporter shall reveal to any person, prior to the deposition, the date, time, or nature of the deposition, except as necessary for purposes of scheduling a court reporter.

5. Neither plaintiff's counsel nor the court reporter(s) shall reveal or discuss the physical descriptions or any verbal or physical characteristics of the deponent on the record, at the deposition, or with anyone thereafter, including plaintiff.

6. Neither plaintiff's counsel nor the court reporter(s), shall record or create any video, photographs, or in any way record undercover officer "UC #C0254" or his/her likenesses.

7. Neither plaintiff's counsel nor the court reporter will participate in phone, text, or electronic mail conversations while in proximity of the undercover officer.

8. In the event that the identity of Undercover Officer "UC #C0254" is ever disclosed by defendants intentionally or inadvertently, including, but not limited to, at the deposition, plaintiff's counsel and the court reporter agree not to disclose that information to plaintiff or any third party.

9. This Order will apply to plaintiff's counsel or any other attorney conducting the depositions of undercover officer "UC #C0254." The terms of this Order will apply to the court reporter recording the deposition testimony of undercover officer "UC #C0254."  Any court reporter retained for the deposition of the undercover officer "UC #C0254"shall sign the form appended hereto as "EXHIBIT A" prior to commencement of the deposition, and shall agree to abide by the terms therein.

Dated: New York, New York
_____, 2017

SO ORDERED:

_____
HON. DEBRA C. FREEMAN
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2017

Case 1:16-cv-00234-AJN-DCF   Document 65   Filed 03/04/17   Page 8 of 8

- 8 -

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that (s)he has read and understands the terms of the **Protective Order Regarding Depositions Of Undercover Officer** entered by the United States District Court for the Southern District of New York on _____, 2017, in the action entitled <u>Tyson Nelson v. City of New York, et al</u>., 16-CV-234 (AJN) (DCF).  The undersigned agrees not to disclose any information regarding the identity of any undercover officer to any person other than counsel for the parties in this case.

_____      _____
                 Date                                                                      Signature

                                                                    _____
                                                                                     Print Name

                                                                    _____
                                                                                       Company