UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYSON NELSON,

                        Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                      Defendants.

16cv00234 (AJN) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      This civil rights action, brought pursuant to 42 U.S.C. §§ 1983 and 1988, has been referred to this Court for general pretrial supervision. Currently before this Court is a motion by plaintiff Tyson Nelson ("Plaintiff") to compel defendants City of New York and certain police officers (collectively "Defendants") to provide certain discovery. This Court having reviewed and considered Plaintiff's motion (Dkt. 61), Defendants' opposition (Dkt. 65), and Plaintiff's reply (Dkt. 68), it is hereby ORDERED as follows:

      1.     The disciplinary files that have already been identified by Plaintiff's counsel, after in-person inspection, shall be produced by Defendants electronically, without charge to Plaintiff. These documents shall be considered Confidential, for purposes of coverage by the Protective Order that is deemed to have been issued in this action pursuant to Local Civil Rule 83.10 (the Section 1983 Plan). Regardless of the safeguards of that Protective Order, Defendants may redact, from documents contained in the produced files, personal identifying information regarding any complainants whose associated criminal files have been sealed. It shall be Defendants' obligation to determine whether the relevant records of the individual complainants have, in fact, been sealed, in order to determine whether redactions are permitted under the terms of this paragraph. Further, with respect to any permitted redactions, this ruling is without

prejudice to Plaintiff's right seek the disclosure of the redacted information, upon a more specified showing of need, as to any particular complainant(s). Defendants may have three weeks from the date of this Order to make this production. If more time is needed in order to ascertain which records are sealed, then Defendants' counsel should confer in good faith with Plaintiff's counsel to see if agreement on the timing of the production can be reached, and, if necessary, may apply to this Court for additional time.

2.  In Plaintiff's submissions (Dkts. 61 and 68), Plaintiff accurately describes the categories of "training records" that this Court previously ordered produced. To the extent not already produced, any such materials within Defendants' possession, custody or control, shall be produced no later than two weeks from the date of this Order.

3.  Defendants' request that the depositions of the defendant undercover officers be conducted with the use of a screen to hide their identities is denied. Similarly denied is the alternative request by Defendants that these officers appear for their depositions in "disguise" (unless such "disguises" would not hide their faces), as it is reasonable and necessary for Plaintiff's counsel to be able to see the faces of the defendants in order to assess their credibility while testifying. In order to protect the identities of these officers at this time, however, the depositions may not be attended by Plaintiff or videotaped, and no references shall be made on the record to their names, their personal identifying information, their physical descriptions, or any other personal characteristics that may tend to identify them. Further, absent further order of the Court, Plaintiff's counsel shall not reveal to anyone, including Plaintiff, any information about these officers – including information regarding their physical appearance, characteristics, or mannerisms – that may tend to identify them.[1] Prior to the depositions, Defendants may

---

[1] This Court recognizes that, at their depositions, these officers may testify to factual matters that could lead to the disclosure of their identities. For example, the officers could

submit a proposed Order to this Court memorializing these restrictions and any other protections that Plaintiff's counsel has agreed to voluntarily in his submissions to this Court. (*See* Dkt. 68, at 2-3 (agreeing, *e.g.*, to conduct the depositions at Defendants' counsel's offices, and to a number of other provisions contained in a proposed Stipulation and Protective Order previously proffered by Defendants).)

4.      As it is this Court's understanding that no relief is currently being sought by Plaintiff regarding his demand for the production of the arrest and prosecution records of witness Moody Lewis, Plaintiff's prior motion to compel the production of those records is denied as moot, without prejudice.

5.      In light of the above rulings, the Clerk of Court is directed to close Dkt. 61 on the Docket of this action.

Dated:  New York, New York
        March 9, 2017

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

---

identify other lawsuits in which they have been named or given testimony, leading to the possibility that their identities could be ascertained through a public-record search. As this Court cannot anticipate all of the types of information that may be elicited from these officers in response to deposition questioning, Defendants' counsel may, on the record, designate particular responses as Confidential and "Attorneys Eyes Only," pursuant to this Order, if counsel believes, in good faith, that the responses could lead to the officers' identification. If so designated, Plaintiff's counsel shall not reveal those responses to anyone, including Plaintiff, absent further order of the Court.