

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Maria Fernanda DeCastro**
*Assistant Corporation Counsel*
mdecastr@law.nyc.gov
(212) 356-2658
Fax: (212) 356-3559

March 15, 2017

**BY ECF**
Honorable Debra C. Freeman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Tyson Nelson v. City of New York, et al., 16-CV-234 (AJN) (DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, retired Detective Richard Allison, Detective Rudy Lahens, Detective Jason Miller, UC # C0113, and UC # C0254 in the above-referenced matter. Defendants write respectfully to request clarification of the Court's Order dated March 9, 2017, in which the Court denied defendants' request to have UC #C0254 deposed behind a screen for his/her protection, however, permitted the officer to testify in disguise as long as her/his face is visible.[1] (See Docket Entry No. 69). Further, to the extent that the Court finds defendants' understanding of the Order correct, defendants respectfully request that Your Honor endorse the attached proposed Order setting forth the parameters of the deposition.

      By way of background, plaintiff alleges, *inter alia*, that on December 10, 2013, he was falsely arrested and subjected to excessive force. On February 18, 2017, plaintiff moved to compel certain discovery, including the depositions of the undercover officers without a screen. On March 5, 2017, defendants opposed plaintiff's motion to compel. In their opposition, defendants objected to plaintiff's request to depose UC #C0254 without a screen in place and/or in disguise since the officer is a currently an active undercover officer and a screen and/or disguise is necessary for his/her protection. On March 9, 2017, the Court denied defendants'

---

[1] Upon information and belief, defendant UC #C0113 has retired from the New York City Police Department. Thus, defendants are not seeking for him to be deposed from behind a screen and/or in disguise.

request that UC #C0254 be allowed to testify at his/her deposition from behind a screen. The Court, however, indicated that a disguise could be used so long as it did not "hide their faces."

Defendants interpreted the March 9th Order to mean that a wig, mustache and/or glasses could be worn by UC #C0254 during the deposition since such items would not hide the undercover officer's face. As such, the undersigned contacted plaintiff's counsel in order to get his agreement regarding the parameters of the deposition. However, plaintiff's counsel disagreed that the Order permits the undercover officer to testify while wearing a mustache and/or glasses, despite the fact that neither would interfere with plaintiff's ability to assess the witness's credibility – which is what plaintiff contended was his primary concern in his motion to compel.[2] Since the parties disagree as to the meaning of the Court's Order, defendants respectfully request clarification of that aspect of the Court's March 9, 2017 Order. Further, in the event that defendants' understanding of the Order is accurate, defendants' respectfully request that Your Honor endorse the attached proposed Order.

Thank you for your consideration herein.

Respectfully Submitted,

/s/
Maria Fernanda DeCastro
Assistant Corporation Counsel

cc:     BY ECF
        Ryan Lozar, Esq.
        *Attorney for Plaintiff*
        305 Broadway, 10th Floor
        New York, NY  10007

---

[2] Plaintiff's counsel will be able to observe UC #C0254 eyes, his/her facial expressions and reactions to questions, and his/her body language even with the undercover wearing glasses and/or a mustache.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYSON NELSON,<br><br>　　　　　　　　　　　　　　　PLAINTIFF,<br><br>-AGAINST-<br><br>CITY OF NEW YORK, POLICE OFFICER JASON MILLER, SHIELD NO. 2120, POLICE OFFICER UC C0254, POLICE OFFICER UC C0113, POLICE OFFICER RUDY LAHENS, SHIELD NO. 02065, POLICE OFFICER RICHARD ALLISON, SHIELD NO. 07294 (TAX NO. 914663), POLICE DETECTIVE EDWIN FELICIANO, SHIELD NO. 02247, POLICE DETECTIVE BARRETT, POLICE LIEUTENANT JASON HARRIS, AND JOHN/JANE DOE POLICE OFFICERS 1-5, INDIVIDUALLY,<br><br>　　　　　　　　　　　　　　　DEFENDANTS. | **STIPULATION AND PROTECTIVE ORDER REGARDING DEPOSITIONS OF UNDERCOVER OFFICERS**<br><br>16-CV-234 (AJN) (DCF) |

**WHEREAS,** Plaintiff Tyson Nelson seeks to take the deposition of an active undercover officer; and

**WHEREAS,** Defendant City of New York objects to the production of an active undercover officer at a deposition without certain protection of their identities;

**NOW, THEREFORE, IT IS HEREBY ORDERED as follows**:

1.　　　　Undercover officer "UC #C0254" will appear for deposition at the Office of Corporation Counsel, 100 Church Street, New York, New York, on a date or dates mutually agreed upon by the parties.

2. Plaintiff will not to be personally present at the deposition of undercover officer "UC #C0254", nor at or in the vicinity of 100 Church Street, New York, New York, on the date of the deposition.

3. Undercover officer "UC #C0254" will appear at the deposition in a disguise that can include a wig, mustache and/or glasses.

4. Neither plaintiff's counsel nor the court reporter shall reveal to any person, prior to the deposition, the date, time, or nature of the deposition, except as necessary for purposes of scheduling a court reporter.

5. Neither plaintiff's counsel nor the court reporter(s) shall reveal or discuss the physical descriptions or any verbal or physical characteristics of the deponent on the record, at the deposition, or with anyone thereafter, including plaintiff.

6. Neither plaintiff's counsel nor the court reporter(s), shall record or create any video, photographs, or in any way record undercover officer "UC #C0254" or his/her likenesses.

7. Neither plaintiff's counsel nor the court reporter will participate in phone, text, or electronic mail conversations while in proximity of the undercover officer.

8. In the event that the identity of Undercover Officer "UC #C0254" is ever disclosed by defendants intentionally or inadvertently, including, but not limited to, at the deposition, plaintiff's counsel and the court reporter agree not to disclose that information to plaintiff or any third party.

9. This Order will apply to plaintiff's counsel or any other attorney conducting the depositions of undercover officer "UC #C0254." The terms of this Order will apply to the court reporter recording the deposition testimony of undercover officer "UC

#C0254." Any court reporter retained for the deposition of the undercover officer "UC #C0254"shall sign the form appended hereto as "EXHIBIT A" prior to commencement of the deposition, and shall agree to abide by the terms therein.

Dated: New York, New York
_____, 2017

SO ORDERED:

_____
HON. DEBRA C. FREEMAN
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2017

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read and understands the terms of the **Protective Order Regarding Depositions Of Undercover Officer** entered by the United States District Court for the Southern District of New York on _____, 2017, in the action entitled <u>Tyson Nelson v. City of New York, et al</u>., 16-CV-234 (AJN) (DCF). The undersigned agrees not to disclose any information regarding the identity of any undercover officer to any person other than counsel for the parties in this case.

_____       _____
Date                                                              Signature

                                                                        _____
                                                                        Print Name

                                                                        _____
                                                                        Company